**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16 CV 309**

| | |
|---|---|
| DIANE J. MUTTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| MELISSA BRAGG, DAVID ) | |
| PRZESTRZELSKI, PATRICIA ) | |
| FULLER, and ROBERT A. ) | |
| McDONALD, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Defendants' Motion to Dismiss (# 17) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, this Court will recommend that Defendants' Motion to Dismiss be GRANTED.

**I.     Factual and Procedural Background**

On September 16, 2016, Plaintiff, proceeding pro se, filed this action using a Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. form complaint (# 1). On October 24, 2016, Plaintiff filed an amended complaint (# 4). In Plaintiff's amended complaint, she alleges the following: Plaintiff was employed by Defendants at Charles George Veterans Affairs ("VA") Medical Center, which is located at 1100 Tunnel Road in Asheville, North Carolina. Am. Compl. (# 4) at 2. The discriminatory acts that serve as the basis for Plaintiff's allegations occurred around September 27, 2004. Id. The discriminatory acts against Plaintiff include the following: failure

to employ her; termination of her employment; failure to comply with the September 27, 2004, settlement agreement; and continuing to provide negative, incorrect information regarding prior employment until at least June, 2016. Id. at 4. As a result of Defendants' discriminatory conduct, Plaintiff has suffered mental anguish, financial ruin, violation of unalienable rights, and post-traumatic stress disorder ("PTSD"). Id. at 5-6. Plaintiff seeks "compensatory relief" from September 27, 2004 to the present and compensation for mental anguish, pain and suffering, PTSD, and case-related costs. Id. at 8.

Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") on or about January 12, 2015. Id. at 4. Plaintiff received a "Notice of Right to Sue" from the EEOC on June 16, 2016. Id.

On February 2, 2017, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (#12), in which they moved for an order dismissing Plaintiff's case in its entirety for two reasons. First, Defendants argued that the complaint should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(1), because the Court lacked subject-matter jurisdiction over Plaintiff's breach of settlement agreement claim. Second, Defendants argued that Plaintiff's breach of settlement agreement claim was time barred and should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. Moreover, to the extent that any cause of action survived dismissal, Defendants argued that it should proceed solely against "Robert D. Snyder, Acting Secretary of the Department of Veteran Affairs," and any remaining Defendants should be dismissed because the Secretary of the VA, in his official capacity, is the only proper defendant in the action.

On March 13, 2017, the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment was denied without prejudice to renew. Defendants were advised that this Court will no

2

longer consider "dual" motions under both Federal Rules of Civil Procedure 12 and 56, or a motion to dismiss that moves in the alternative for dismissal under Federal Rule of Civil Procedure 56.

On March 23, 2017, Defendants filed the instant Motion to Dismiss (# 17). On April 7, 2017, Plaintiff filed a letter to the presiding District Judge (# 18), which the undersigned construes as an Opposition to Defendants' Motion to Dismiss. On April 10, 2017, Defendants filed a Notice of intent <u>not</u> to file a reply (#19).

## II. Legal Standards

### A. Fed. R. Civ. P. 12(b)(1)

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(1) addresses whether the court has subject-matter jurisdiction to hear the dispute. <u>See</u> Fed. R. Civ. P. 12(b)(1). Where a defendant contends that a complaint fails to allege facts upon which the court can base subject matter jurisdiction, the court, like ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), assumes as true the factual allegations in the complaint. <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982). If, however, the defendant contends that the jurisdictional allegations contained in the complaint are false, the court may go beyond the allegations of the complaint and conduct an evidentiary hearing in order to determine if there are facts to support the court's exercise of jurisdiction over the dispute. <u>Id.</u> The burden of establishing subject matter jurisdiction on a motion to dismiss rests with the party asserting jurisdiction. <u>Id.</u>; <u>Williams v. United States</u>, 50 F.3d 299, 304 (4th Cir. 1995).

### B. Fed. R. Civ. P. 12(b)(6)

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. <u>See</u> <u>Francis v. Giacomelli</u>, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion, the court accepts the allegations in the complaint as true and

construes them in the light most favorable to plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192. Although a court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor will mere labels and legal conclusions suffice. Id. Federal Rule of Civil Procedure 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; accord Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

### III. Discussion

    **A.    This Court lacks subject-matter jurisdiction over Plaintiff's breach of contract claim.**

"As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." Durden v. United States, 736 F.3d 296, 301(4th Cir. 2013) (quoting Welch v. United States, 409 F.3d 646, 650 (4th Cir. 2005)); accord United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Sherwood, 312 U.S. 584, 586 (1941). Sovereign immunity extends to suits against the United States, in addition to suits against a federal agency. Federal Deposit Insurance Corporation v. Meyer, 510 U.S. 471, 475 (1994). The United States' consent to be sued must be "unequivocally expressed." United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003) (quoting United States v. Mitchell, 445 U.S. 535, 538 (1980)). Waivers of sovereign immunity are strictly construed in favor of the sovereign. Lane v. Pena, 518 U.S. 187, 192 (1996); United States v. Nordic Village, Inc. 503 U.S. 30, 34 (1992). "[I]t is the plaintiff's burden to show that an unequivocal waiver of sovereign immunity exists." Welch, 409 F.3d at 651; accord Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

Congress has waived sovereign immunity by allowing Title VII suits by federal employees against the United States for employment discrimination or retaliation. 42 U.S.C. § 2000e-16(a), (c); see Frahm v. United States, 492 F.3d 258, 262 (4th Cir. 2007). That waiver, however, does not extend to contractual challenges to EEOC settlement agreements. Frahm, 492 F.3d at 262-63; Kaplan v. James, 25 F. Supp. 3d 835, 839 (E.D. Va. 2014); Kennedy v. Potter, No. 3:06CV447-MR, 2008 WL 5110751, at *8 (W.D.N.C. Dec. 3, 2008).

The Fourth Circuit Court of Appeals' decision in Frahm is determinative in this matter. In Frahm, the Fourth Circuit addressed a case where the complainant was a former employee of the Internal Revue Service ("IRS"), who initiated a lawsuit to enforce a settlement agreement she had reached with the IRS, pursuant to Title VII, during her employment. 492 F.3d at 260. The Fourth Circuit concluded that "[b]ecause neither the settlement agreement nor a statute allowed[ed] Miss

5

Frahm to sue the government for breach of the settlement agreement, her action was properly dismissed." Id. at 262. The Fourth Circuit additionally held that Miss Frahm could not sue because she had not followed the express requirements of 29 C.F.R. § 1614.504(a). Id. at 262-63. The Fourth Circuit ultimately held that Congress did not consent to being sued by federal employees to enforce settlement agreements reached as a result of Title VII claims; thus, the district court lacked subject matter over the suit. Id. at 262.

The relevant EEOC regulation, 29 C.F.R. § 1614.504, does not waive the government's breach of a settlement agreement. Id. Rather, the regulation establishes a scheme for addressing an agency's breach of an administrative settlement agreement, which allows the employee claiming a breach of a Title VII settlement agreement to elect between only two options: First, the complainant can request that the terms of the settlement agreement be specifically employed. 29 C.F.R. § 1614.504(a); Frahm, 492 F.3d at 262. Second, the complainant may request that the complaint he be reinstated for further processing from the point at which the processing ended. 29 C.F.R. § 1614.504(a); Frahm, 492 F.3d at 262.

In the instant case, Congress has not expressly waived sovereign immunity with respect to Plaintiff's challenge to her settlement agreement. Moreover, Plaintiff's settlement agreement does not permit her to file a lawsuit to enforce the September, 2004, settlement. See Klaiber Decl. (# 17) Ex. A. Therefore, this case should be dismissed for lack of subject-matter jurisdiction.

> **B.** **To the extent Plaintiff's amended complaint is read to state a cause of action for employment discrimination, in violation of Title VII, the suit is time-barred.**

Defendants argue that Plaintiff seeks damages arising out of the VA's alleged breach of her settlement agreement. Mem. Law (# 17-1) at 15. Plaintiff, however, alleges that her case is rooted in "reprisal," which is based on the following actions by Defendants: "fail[ure] to

implement or maintain the conditions of a settlement agreement" and "abuse of power." Am. Compl. (# 4) at 5. The Court concludes that Plaintiff's amended complaint arguably states a cause of action for employment discrimination in violation of Title VII.[1]

Title VII prohibits employment discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Title VII provides, in pertinent part, that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a) (referring to subchapter VI, which is entitled "Equal Employment Opportunities").

To state a claim for retaliation in violation of Title VII, an employee must allege the following three elements: (1) he engaged in protected activity under Title VII; (2) his employer took an adverse employment action against him; and (3) the employee's protected activity was the proximate cause for the employer's retaliation. See DeMasters v. Carilion Clinic, 796 F.3d 409, 416 (4th Cir. 2015); Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 281 (4th Cir. 2015).

Title VII requires that a plaintiff initiating an action file suit within 90 days of receiving a notice of the right to sue from the EEOC. 42 U.S.C § 2000e-5(f)(1); Watts-Means v. Prince George's Family Crisis Ctr.. 7 F.3d 40, 42 (4th Cir. 1993). The 90-day limitations period is subject to equitable tolling, even though the statute does not specifically state there are any exceptions. Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 439 (1990) (recognizing that the Supreme Court has interpreted Title VII's requirement that suit be filed within 90 days after notice of a final

---

[1] In her Opposition, Plaintiff asserts that she, in a way, agrees with the Government's suggestion that her amended complaint may be "two-fold." Oppos. (# 18) at 1. In an abundance of caution, the Court will address Plaintiff's attempt to state a cause of action for employment discrimination in violation of Title VII.

administrative decision (or the right-to-sue letter) "to be subject to tolling in appropriate circumstances"); Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (recognizing that courts have been "less forgiving" when a "claimant failed to exercise due diligence in preserving his legal rights").

A plaintiff's failure to timely file suit is appropriately raised as an affirmative defense. Stewart v. Johnson, 125 F. Supp. 3d 554, 559 (M.D.N.C. 2015). An affirmative defense of untimeliness, such as a statute of limitations, can be addressed through Federal Rule of Civil Procedure 12(b)(6) when the facts supporting the defense appear on the face of the complaint. See Goodman v. Praxair, Inc. 494 F.3d 458, 464 (4th Cir. 2007).

The date a plaintiff receives a right-to-sue letter triggers the 90-day period within which a he must file suit. Darden v. Cardinal Travel Ctr., 493 F. Supp. 2d 773, 775 (W.D.Va. 2007). When a plaintiff fails to allege a date of receipt, the court presumes that the letter was received within three days of mailing. Id.

In the instant case, the date of receipt is established by Plaintiff's own allegations. In particular, Plaintiff alleges that she received the right-to-sue letter on June 16, 2016. Am. Compl. (# 4) at 4. The 90-day filing period commenced the next day, June 17, 2016, and ended September 14, 2016. Plaintiff filed her complaint with this Court on September 16, 2016. See Compl. (# 1). While this was only two days past the deadline, her Title VII claim remains untimely.[2] Moreover,

---

[2] In the Fourth Circuit, the mere fact that Plaintiff missed the 90-day deadline by <u>only</u> two days is not a valid excuse. See Dixon v. Digital Equip. Corp., 976 F.2d 725, 725 (4th Cir. 1992) (per curiam) (unpublished) (Court upheld the dismissal of a <u>pro se</u> plaintiff's Title VII claim that was filed just one day late); Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 652 (4th Cir. 1987) (concluding that plaintiff's Title VII suit filed a day date was untimely); McCorkle v. BEB Wright, No. 5:17-CV-117-BO, 2017 WL 3594256, at *1 n.1 (E.D.N.C. Aug. 21, 2017) (a Title VII complaint that was three days late was deemed untimely): Hammonds v. Bo's Food Stores, No. 7:13-CV-66-FL, 2014 WL 3738610, at *2 (E.D.N.C. July 29, 2014) (dismissing plaintiff's Title VII claim that was filed three days late); Douglas v. U.S. Airways Group, Inc., No. 3:10-CV-42, 2011 WL 1769747, at *5 (W.D.N.C. May 9, 2011) (dismissing a <u>pro se</u> plaintiff's Title VII action where the complaint was filed only one day late); Yarborough v. Burger King Corp., 406 F. Supp. 2d 605, 606 (M.D.N.C. Dec. 22, 2005) (declining to apply equitable tolling where plaintiff's Title VII claims were filed only two days late).

Plaintiff has not demonstrated extraordinary circumstances that warrant equitable tolling. Therefore, any Title VII claim should be dismissed as time-barred.

## IV. Conclusion

In light of the foregoing, the Court RECOMMENDS that Defendants' Motion to Dismiss (# 17) be GRANTED, and this case be dismissed.

Signed: December 8, 2017

_____
Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).