# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00309-MR-DLH

| | |
|---|---|
| DIANE J. MUTTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MELISSA BRAGG, DAVID ) | |
| PRZESTRZELSKI, PATRICIA ) | |
| FULLER, and ROBERT A. ) | |
| McDONALD, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's letter dated December 23, 2017 [Doc. 23], which the Court construes as Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 20] regarding the disposition of the Defendants' Motion to Dismiss [Doc. 17].

On December 8, 2017, the Magistrate Judge filed a Memorandum and Recommendation in this case containing conclusions of law in support of a recommendation regarding the Defendants' Motion to Dismiss. [Doc. 20]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. Having received no objections, on January 8,

2018, the Court entered an Order accepting the Memorandum and Recommendation and dismissing this action. [Doc. 21].

On January 8, 2018, the Court received the Plaintiff's letter, which was dated December 23, 2017. The envelope indicates that UPS attempted delivery of the letter on December 27, 2017, but that the delivery was "refused."[1] UPS did not attempt delivery again until January 8, 2018, approximately twelve days later.

Had the Plaintiff's letter been delivered properly on December 27, 2017, it would have been accepted as timely. In the interest of fairness, the Court will deem the Plaintiff's Objections to have been timely filed and will therefore consider them.

The Magistrate Judge recommended granting the Defendants' Motion to Dismiss on the grounds that this Court lacks subject matter jurisdiction over the Plaintiff's breach of contract claim. In the alternative, to the extent that the Plaintiff's Amended Complaint could be read to allege a claim for employment discrimination, the Magistrate Judge reasoned that her claim is time-barred. [Doc. 20]. The Plaintiff's Objections do not identify any specific error in the Magistrate Judge's proposed conclusions of law. Rather, the

---

[1] The package does not indicate why the package was refused or who refused it.

Plaintiff simply restates the allegations made in her Complaint and the arguments asserted in her Response to the Defendants' Motion to Dismiss. These kinds of objections do not warrant a *de novo* review of the Magistrate Judge's reasoning. Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

After a careful review of the Memorandum and Recommendation and the Plaintiff's Objections, the Court concludes that the Magistrate Judge's proposed conclusions of law are still correct and are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Defendants' Motion to Dismiss should be granted and this case should be dismissed.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections [Dc. 23] are **OVERRULED**; the Memorandum and Recommendation [Doc. 20] is **ACCEPTED**; the Defendants' Motion to Dismiss [Doc. 17] is **GRANTED**; and this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.** Signed: January 12, 2018

Martin Reidinger
United States District Judge